**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| PAUL MOERER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06CV1654(TCM) |
| ) | |
| ALAN BLAKE, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Paul Moerer for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civil detainee involuntarily confined as a "sexually violent predator" pursuant to Missouri Revised Statutes §§ 632.480 - .513, seeks a hearing before this Court in order to renounce his United States citizenship so that he may "pursue unfettered residency in Switzerland."[1]

**Discussion**

---

[1] In separate documents filed with the Court after his complaint was filed, plaintiff states that he lied about having a family friend in Switzerland who will "sponsor his arrival" in that country. As explained below, whether plaintiff has a family friend in Switzerland or not, this Court cannot grant plaintiff the relief he seeks.

2

The Court notes that this is the second action plaintiff has filed in this Court seeking to renounce his United States citizenship. See Moerer v. Blake, No. 4:06CV634(TCM). The instant action, like the prior action, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). While the Court notes that plaintiff can voluntarily relinquish his United States citizenship, Afroyim v. Rusk, 387 U.S. 253, 268 (1967), the Court can find no requirement that such voluntary relinquishment be made in a federal district court. See 8 U.S.C. § 1481 (listing acts which, when done with intent, relinquish United States nationality).[2] Indeed, this Court - being a court of limited jurisdiction - can find no authority for conducting or presiding over such a proceeding. Even if such

---

[2] Plaintiff states that he "has no access to law books that explain how to proceed in the renouncing of U.S. citizenship." To the extent that plaintiff is attempting to assert some type of access to the courts claim, plaintiff does not allege how defendant Blake is directly and personally responsible for denying him such access. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (respondeat superior theory inapplicable in § 1983 suits). Additionally, based on plaintiff's statements to the Court concerning his alleged friend in Switzerland, plaintiff's stated intent to renounce his United States citizenship appears to be "frivolous"- that is, aimed at obtaining his release from involuntary confinement, not a surrender of his rights as a citizen. See Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (holding that right of access to courts requires showing that inmate had a *nonfrivolous* legal claim actually impeded or frustrated).

3

authority existed, no relief can be granted in plaintiff's favor against defendant Blake. Defendant Blake is a only state official, not a federal official. As such, defendant Blake has no authority to alter plaintiff's United States citizenship.

To the extent that plaintiff believes that renouncing his United States citizenship will result in his early or immediate release from involuntary state confinement as a sexually violent predator, plaintiff is mistaken. In any case, plaintiff's sole federal remedy to achieve a speedier release from confinement is a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Because there is no indication that plaintiff is confined in violation of federal law, 28 U.S.C. § 2254(a), and because there is no indication that plaintiff has exhausted his available state remedies, 28 U.S.C. § 2254(b)(1)(A), plaintiff's claim for immediate release must be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 29th day of March, 2007.

                                                */s/*
                              **UNITED STATES DISTRICT JUDGE**